UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL AARON SELVIDGE, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:15-CR-77-TAV-CCS-1 3:16-CV-676-TAV |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

# **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 26].[1] He basis his request for relief at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 36]. Also before the Court is Petitioner's pro se request for an evidentiary hearing [Doc. 34]. For the reasons below, the request for an evidentiary hearing [Doc. 34] will be **DENIED**, the motion to deny and dismiss [Doc. 36] will be **GRANTED**, and the pro se § 2255 motion [Doc. 26] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). After receiving notice of a conflict of interest, this Court appointed substitute CJA counsel to fulfill FDSET's duties under the Standing Order [Docs. 27, 31]. On March 28, 2017, counsel filed a notice informing the Court that an intervening decision of the Supreme Court foreclosed any possibility of *Johnson*-based collateral relief [Doc. 35].

## I. BACKGROUND

In 2015, Petitioner was convicted of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Docs.13, 14, 23]. Based on a prior Tennessee conviction for aggravated burglary, the United States Probation Office assigned Petitioner an enhanced base offense level of twenty under Section 2K2.1(a)(4) of the United States Sentencing Guidelines with a Guidelines range of 70 to 87 months [Presentence Investigation Report (PSR) ¶¶ 14, 37]. In accordance with that designation, this Court sentenced Petitioner to 72 months' incarceration on February 24, 2016 [Doc. 23]. Petitioner did file a direct appeal of conviction or sentence, but instead field the instant pro se motion for post-conviction relief based on *Johnson* [Doc. 26].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson . . .* does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 33]. On March 28, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 36]. Petitioner has not responded in opposition.

## II. REQUEST FOR AN EVIDENTIARY HEARING

Under Rule 8 of the rules governing § 2255 proceedings in United States District Courts (the "§ 2255 Rules"), courts must determine, based on a review of the answer and the record, whether an evidentiary hearing is required. *Pola v. United States*, 778 F.3d 525, 532 (6th Cir.

2015) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). The burden to show an entitlement to an evidentiary hearing is relatively light, but must offer more than mere assertions of innocence. *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). For example, a petitioner is entitled to an evidentiary hearing where he presents "a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the Government offers nothing more than contrary representations to contradict it." *Huff*, 734 F.3d at 707 (quoting *Valentine*, 488 F.3d at 334); *see also Pola*, 778 F.3d at 534 (noting an evidentiary hearing would be required where affidavits directly contradicted each other regarding whether Petitioner had requested counsel to file a notice of appeal). In contrast, an evidentiary hearing is not required where the record conclusively shows a petitioner is entitled to no relief. *Huff*, 734 F.3d at 607 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Petitioner has not identified any material factual dispute requiring resolution by way of an evidentiary hearing. Further, for reasons discussed at length in the sections that follow, the Court finds the undisputed record conclusively precludes collateral relief. The motion will be denied.

### III. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his base offense level in light of *Beckles*. Petitioner has not filed a response and the time for doing so has now passed [Doc. 33]. This Court interprets the absence of a response as a waiver of opposition to dismissal of the *Johnson*-based challenge to the application of Section 2K2.1(a)(4). *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to

respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

For the reasons discussed in detail below, the motion to deny and dismiss will be granted.

## IV. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

The petition contains two grounds for collateral relief. In the first, Petitioner argues that the combined effect of *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016),[2] removed

---

[2] In *Descamps v. United States*, the Supreme Court clarified how sentencing courts should identify an offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. 2276, 2284 (2013). Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.

Tennessee aggravated burglary from Section 4B1.2's definition of "crime of violence" and that, without that conviction, he lacks the necessary predicate for base offense level enhancement under Section 2K2.1(a)(4) [Doc. 26 p. 5]. In the second, Petitioner claims that counsel rendered ineffective assistance of counsel by failing to object at the sentencing hearing to this Court's application of Section 2K2.1(a)(4) on the basis of those same two Supreme Court decisions [Doc. 26 p. 4 (faulting counsel for not citing those two decisions in support of an argument that aggravated burglary no longer qualified as a crime of violence under Section 4B1.2)].

### 1. Merits of *Johnson*-Based Guideline Challenge

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to

---

In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause). Unlike the ACCA, the Guidelines residual clause remains in effect. *Beckles*, 137 S. Ct. at 894.

To determine whether a particular offense qualifies as a crime of violence under Section 4B1.2, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, or satisfies the residual provision then the conviction categorically qualifies as a crime of violence and the courts' task is complete.

It is only when the statute criminalizes conduct in excess of that covered by the viable clauses under Section 4B1.2, that courts must determine whether the statute is divisible or indivisible.

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As a result, this Court properly treated Petitioner's prior Tennessee conviction for aggravated burglary as a crime of violence under Section 4B1.2. Divisibility of the relevant statute under *Descamps* and *Mathis* is irrelevant since viability of the Guidelines residual provision means that the offense categorically qualifies as a crime of violence under a combination of the enumerated-offense, use-of-physical-force, and residual clauses. Finally, Petitioner is mistaken so far as he suggests that this Court needed two prior crimes of violence to enhance his base offense level under Section 2K2.1. As stated previously, Section 2K2.1(a)(4) assigns a base offense level of twenty for offenders with one prior crime of violence or controlled substance offense.

### 2. Ineffective Assistance of Counsel at Sentencing Hearing

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

This Court sentenced Petitioner on February 24, 2016: eight months after *Johnson* and four months before *Mathis*. At that time, binding Sixth Circuit precedent held that Tennessee aggravated burglary categorically qualified as a crime of violence under the Guidelines use-of-physical-force clause. *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015); *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). To the extent that Petitioner suggests that *Mathis* undermines *Nance* and *Priddy* and that counsel should urged this Court to preemptively abandon yet-to-be-overruled Sixth Circuit authority in anticipation of the same, that argument fails because counsel cannot be held ineffective for failing to anticipate what would amount to a change in the law. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

Further, because *Nance* and *Priddy* provide that Tennessee aggravated burglary categorically qualifies as a crime of violence under the use-of-physical-force clause, any objection based on *Johnson* alone would have been fruitless. Because counsel cannot be held ineffective for failing to make a meritless objection, Petitioner's ineffective assistance of counsel claim fails as a matter of law. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue meritless claim or raise a meritless objection).

## V. CONCLUSION

For the reasons discussed above, Petitioner's pro se request for an evidentiary hearing [Doc. 34] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 36] will be **GRANTED**, and Petitioner's pro se § 2255 motion [Doc. 26] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE